UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MARY HARRELL | CIVIL ACTION NO. 23-0700 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAL-MART LOUISIANA LLC ET AL | MAGISTRATE JUDGE MCCLUSKY |

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment (Record Document 16) filed by Defendants Wal-Mart Louisiana, LLC and Wal-Mart Claims Services, Inc. (collectively "Walmart"). Walmart seeks dismissal with prejudice of Plaintiff Mary Harrell's ("Harrell") claims, which arise out of an alleged slip-and-fall inside Walmart. Walmart maintains Harrell cannot satisfy her requisite burden of proof under the Louisiana Merchant Liability Statute ("LMLA"). Harrell opposes the motion, namely arguing there are unresolved questions of fact as it concerns the issue of constructive notice. See Record Document 18. Walmart replied. See Record Document 20. For the reasons set forth below, Walmart's motion is **GRANTED**, and Harrell's claims are **DISMISSED WITH PREJUDICE**.

**BACKGROUND**

This lawsuit arises out of an alleged slip-and-fall that occurred at Walmart on April 14, 2022, in Vivian, Caddo Parish, Louisiana. See Record Document 16-3 at 1. Harrell alleges that while she was entering the front of the store, she unexpectedly encountered a substance on the floor that caused her to slip and fall. See id. at 2. The slip-and-fall was captured on surveillance video, and additional photographs taken by Harrell have been

obtained. See Record Document 16-1 at 5. From this evidence, Harrell states there was a wet substance on the floor which caused her to slip and fall. See id. at 1. She does not know how the substance initially got on the floor, nor does she know how long the substance was on the floor before her fall. See Record Document 16-4 at 3.

On February 7, 2023, Harrell filed suit in the First Judicial District Court, Caddo Parish, Louisiana against Walmart. See Record Document 1 at 1. In her petition for damages, Harrell sought damages from Walmart for injuries she sustained when she purportedly slipped and fell near the front of the store. See id. at 3. She describes injuries to her soft tissue but does not specify the exact medical treatments she has received since the incident. See id. Additionally, she alleges she will need surgery but does not specify what kind of surgery. See id. On May 31, 2023, Walmart removed the case to this Court pursuant to diversity jurisdiction. See Record Document 5.

In its Motion for Summary Judgment, Walmart asserts that Harrell fails to prove actual or constructive notice required under the LMLA. See Record Document 16-1 at 1. Harrell opposes the motion, asserting a genuine issue of material fact as to constructive notice. See Record Document 18 at 2. More specifically, Harrell asserts that no employee inspected the floor at any point prior to the incident. See id. Furthermore, there was a substance present on the floor because Harrell testified that she was wet after she fell. See id. She maintains that Walmart does not deny the existence of the liquid, just the fact that it does not know how long it had been on the floor. See id.

Walmart replied, asserting that none of the evidence Harrell cites to shows that she will be able to meet her burden of proving that Walmart either created, or had sufficient notice of, the condition on the floor giving rise to her fall. See Record Document

2

20 at 2. Moreover, Harrell fails to produce factual support to establish that the condition on the floor existed for a sufficient period of time prior to the incident to give rise to Walmart's actual or constructive notice. See id. Walmart contends that Harrell cites to nothing in the record supporting her assertion that no employees conducted any sweeps of the area prior to the incident. See id. at 4. Additionally, Harrell points to contradictory evidence about the existence of water on the floor. See id. at 5.

## LAW AND ANALYSIS

**I. Summary Judgment Standard.**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2552–53. (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." Deshotel v. Wal-Mart La., L.L.C., 850 F.3d 742, 745 (5th Cir. 2017); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). As such, the party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trail that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995). Courts must deny the moving party's motion for summary judgment if the movant fails to meet this burden. See id.

If the movant satisfies its burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." Id. (citing Celotex, 477 U.S. at 323, 106 S. Ct. 2553). In evaluating motions for summary judgment, courts must view all facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986). There is no genuine issue for trial—and thus, a grant of summary judgment is warranted—when the record as a whole "could not lead a rational trier of fact to find for the moving party…." Id.

## II. Louisiana's Merchant Liability Statute.

In a diversity case such as this one, federal courts apply state substantive law. See Moore v. State Farm Fire & Cas. Co., 556 F.3d 264, 269 (5th Cir. 2009); Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S. Ct. 817, 822 (1938). Accordingly, liability in this case is governed by the LMLA. Louisiana Revised Statues § 2800.6(A) imposes a duty of care on a merchant to those lawfully on its premises, "to keep the premises free of any hazardous conditions which reasonably might give rise to damage." LA. REV. STAT. § 9:2800.6(A). When a negligence claim is brought against a merchant based on injuries sustained in a fall caused by a condition of the merchant's premises, a plaintiff bears the burden of providing the existence of a hazardous condition and that:

> 1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> 2) The merchant either created or had actual or constructive notice of the condition which cause the damage, prior to the occurrence.
>
> 3) The merchant failed to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B). Importantly, a plaintiff bears the burden of proof as to each of these three elements. In fact, "[t]he burden of proof does not shift to the defendant at any point, and failure to prove any one of these elements negates a plaintiff's cause of action." Melancon v. Popeye's Famous Fried Chicken, 2010-1109, p. 3 (La. App. 3 Cir. 3/16/11); 59 So. 3d 513, 515 (citing White v. Wal-Mart Stores, Inc., 97-0393 (La. 9/9/97); 699 So. 2d 1081; Ferrant v. Lowe's Home Centers, Inc., 494 Fed. Appx. 458, 460 (5th Cir. 2012)).

With respect to the second element, the LMLA defines constructive notice to mean that the plaintiff "has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." LA. REV. STAT. § 9:2800.6(C)(1). The statute further clarifies that "[t]he presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." Id. The jurisprudence has explained that constructive notice includes a temporal element in which the plaintiff must prove the condition existed for "some period of time" prior to the fall. See White, 699 So. 2d at 1084. While the time period "need not be specific in minutes or hours," the plaintiff must come forward with some positive evidence to satisfy the temporal element. Id.

**III. Analysis.**

As stated above, this case is centered around the second element of the LMLA, specifically whether Walmart had constructive notice of the condition. Walmart asserts that Harrell failed to identify positive evidence necessary to satisfy actual or constructive

notice. See Record Document 20 at 2. Walmart contends that Harrell cannot overcome summary judgment because she did not see the substance before she slipped and fell, nor did she know the source of the substance. See Record Document 16-1 at 6.

In response, Harrell contends she satisfied the temporal element of constructive notice by showing the existence of a substance on the floor and the fact that no Walmart employees conducted an inspection of the floor prior to the incident. See Record Document 18 at 1–2. She maintains this is enough evidence to prove constructive notice and overcome summary judgment. See id. at 3.

After a thorough review of the summary judgment record and applicable law, the Court finds summary judgment proper. Harrell has not provided sufficient positive evidence to survive summary judgment on the issue of constructive notice. She presented testimony that the substance which caused her to fall was clear and resembled water. See Record Document 16-4 at 2. However, Harrell never saw water on the floor, she only felt it. See id. at 3. In fact, Harrell testified that the substance is not clearly visible in the photographs she provided as exhibits because she "sopped up" most of it. See id. at 6. From the photographs, there is no evidence to support the notice that a substance, resembling water, existed before Harrell's fall. Harrell's speculation and contradictory testimony, without further evidence, does not prove that the Walmart employees were aware of the substance on the ground.

Courts have found that if the substance was brown and had buggy marks through it, that is enough to establish the temporal element of constitutive notice. See Lacy v. ABC Ins. Co., 97-1182 (La. App. 4 Cir. 4/1/98); 712 So. 2d 189; see also Woods v. Wal-Mart La., LLC, No. 11-1622, 2012 WL 5926178 (W.D. La. Nov. 26, 2012). In Woods, several

witnesses testified that the spill "had become dirty and showed signs that shopping carts [had] previously tracked through the spill." 2012 WL 5926178, at *2. However, unlike the spill in Woods, the spill in the instant case is not described as having buggy tracks, footprints, or a trail running through it. See Record Document 16-5 at 2. Harrell's claim of the presence of a spill is not corroborated by other witnesses or photographs. Thus, her claims are unsupported and do not lead to the conclusion that the substance had been on the ground for a sufficient period of time.

Harrell argues that the substance had to be on the floor for enough time equate to constructive notice because the only inspection by a Walmart employee occurred after the incident. See Record Document 18 at 2. Harrell maintains that there is nothing in the affidavit of Walmart's Team Lead Chaka Easter ("Easter") stating that any inspection had been done at any point prior to the incident nor that such inspection showed the absence of a substance on the floor. See id. Furthermore, Harrell asserts that there is undisputed testimony that this Walmart location has allowed water to stand of the floor in other areas up to four days. See Record Document 29 at 8. The Court is unpersuaded by Harrell's arguments. Her mere speculation cannot overcome summary judgment. See Jones v. U.S., 936 F. 3d 318 (5th Cir. 2019). In Jones, the Fifth Circuit reasoned that a non-movant cannot overcome "summary judgment by presenting 'speculation, improbably inferences, or unsubstantiated assertions.'" Id. at 321.

Harrell does not cite to anything in the record to support her assertions. In her affidavit, Easter does not state that Walmart failed to conduct any inspections. Rather, she states that neither her nor any other Walmart employees were aware of any substance on the floor in the area near the fall. See Record Document 16-5 at 2.

7

Furthermore, Sandra Parker, a witness to the incident, did not report seeing any water on the floor after the accident. See id. Harrell's testimony of prior spills at this Walmart does not support a finding of constructive notice here. Prior spills have no bearing on the instant case. Therefore, Harrell's assertions do not negate summary judgment.

The Court notes deposition testimony from Kristy Miller ("Miller"), a Walmart cashier who helped Harrell after her fall. See Record Document 31 at 13–14. However, neither party mentioned Miller in its arguments surrounding summary judgment. In considering Miller's deposition testimony, the Court finds there is nothing pointing to Walmart's constructive notice of the substance on the floor. Miller did not witness Harrell fall, but she reviewed the surveillance video. See id. at 14–15. She had no knowledge that a substance was present on the floor prior to or after the fall. See id. at 15, 17. Miller did not see any liquid on Harrell's clothing after the fall. See id. at 17–18. She testified to her awareness of other spills in the store; however, this testimony bears no relevance to the instant case. See id. at 19. Nothing in Miller's deposition testimony prevents summary judgment.

Additionally, Harrell contends that the wet floor signs or cones put out after the fall, combined with the fact that for a lengthy period of time there is no evidence of a spill, should result in the Court concluding that the spill was there for a lengthy period of time. See id. (citing Guidry v. Brookshire Grocery Co., 317 So. 3d 579 (La. App. 3rd 2019)). The Court disagrees. In Babin v. Winn Dixie La., Inc., the Louisiana Supreme Court found summary judgment appropriate because the plaintiff could not put forth positive evidence on how the condition was created and how long it had been present. 2000-0078 (La. 6/30/00); 764 So. 2d 37. The Babin Court opined, "Despite [plaintiff's] speculation that the

8

condition may have existed for some period prior to [plaintiff's] fall, plaintiff is clearly unable to make a positive showing that the condition did exist for some period of time [prior] to his fall." Id. at 40.

In the instant case, Harrell does not know where the substance came from nor how long it had been on the floor. See Record Document 16-4 at 3. The main support for her assertions is the photographs taken after the fall and her testimony. It is uncertain how the substance ended up on the floor and how long it was present. Harrell has not put forth sufficient positive evidence to clarify this uncertainty as required by the LMLA.

## CONCLUSION

Based on the foregoing analysis, this Court finds there are no genuine issues of material fact for trial and that Walmart is entitled to judgment in its favor as a matter of law. Accordingly, Walmart's Motion for Summary Judgment (Record Document 16) shall be **GRANTED**, and Harrell's claims are **DISMISSED WITH PREJUDICE**.

A Judgment consistent with this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 30th day of October, 2024.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT